## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James L. Hayes<br>           Debtor | CHAPTER 13 |
| US BANK NATIONAL ASSOCIATION AS<br>TRUSTEE FOR PENNSYLVANIA HOUSING<br>FINANCE AGENCY<br>           Movant<br>    vs. | NO. 19-15582 ELF |
| James L. Hayes<br>           Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>           Trustee | |

### AMENDED STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. This Stipulation hereby amends and supersedes the Stipulation approved on February 3, 2020, document number 30.

2. Movant's loan matures during the course of this bankruptcy, on February 1, 2023.

3. Therefore, Movant's claim will be paid in full through the bankruptcy plan with trustee payments, and no direct post-petition payments will by made by Debtor to Movant.

4. The taxes disbursed in the amount of $1,869.44 will be included in Movant's Proof of Claim.

5. Ongoing, Debtor shall be responsible for maintaining and paying all real property taxes and hazard insurance on the property as required by the Note and Mortgage, and upon request, providing secured hazard insurance on the property as required by the Note and Mortgage, and upon request, providing secured creditor identified as a loss payee.

6. In the event the payments or proofs under Section 5 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7.      Any post-petition payments received by Movant directly from Debtor as of March 5, 2020 shall be credited towards Movant's claim.

8.      If the case is converted to Chapter 7, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay. Further, the Order granting relief from the automatic stay shall also contain a provision providing for ongoing *in rem* stay relief for Movant as to the Property.

9.      If the case is dismissed, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant ongoing *in rem* stay relief for Movant as to the Property.

10.     If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, except for the provision contained in Paragraph 6, and is not binding upon the parties.

11.     The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12.     The parties agree that a facsimile signature shall be considered an original signature.


Date:    March 10, 2020                          By: */s/ Rebecca A. Solarz, Esquire*
                                                 Attorney for Movant


Date:   3/17/2020

                                                 Michael A. Cohen, Esquire
                                                 Attorney for Debtor


Date:   3/18/2020

                                                 William C. Miller, Esquire
                                                 Chapter 13 Trustee        NO OBJECTION
                                                                           *without prejudice to any
                                                                           trustee rights and remedies.

                        **O R D E R**

Approved by the Court this 19th day of _____March_____, 2020. However, the court retains discretion regarding entry of any further order.


                                                 Bankruptcy Judge
                                                 Eric L. Frank