```
                          United States Bankruptcy Court
                          Eastern District of Pennsylvania
```

In re:                                                          Case No. 19-15582-elf
James L Hayes                                                   Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: Lisa                 Page 1 of 1                  Date Rcvd: Mar 19, 2020
                              Form ID: pdf900            Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 21, 2020.
db             +James L Hayes,    7662 Brentwood Road,    Philadelphia, PA 19151-2021

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                    TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 21, 2020                                   Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 19, 2020 at the address(es) listed below:
              MICHAEL ADAM COHEN    on behalf of Debtor James L Hayes mcohen1@temple.edu
              REBECCA ANN SOLARZ    on behalf of Creditor   US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR
               PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                               TOTAL: 5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James L. Hayes <br>     Debtor | CHAPTER 13 |
| US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR PENNSYLVANIA HOUSING FINANCE AGENCY <br>     Movant <br> vs. | NO. 19-15582 ELF |
| James L. Hayes <br>     Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esquire <br>     Trustee | |

## AMENDED STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. This Stipulation hereby amends and supersedes the Stipulation approved on February 3, 2020, document number 30.

2. Movant's loan matures during the course of this bankruptcy, on February 1, 2023.

3. Therefore, Movant's claim will be paid in full through the bankruptcy plan with trustee payments, and no direct post-petition payments will by made by Debtor to Movant.

4. The taxes disbursed in the amount of $1,869.44 will be included in Movant's Proof of Claim.

5. Ongoing, Debtor shall be responsible for maintaining and paying all real property taxes and hazard insurance on the property as required by the Note and Mortgage, and upon request, providing secured hazard insurance on the property as required by the Note and Mortgage, and upon request, providing secured creditor identified as a loss payee.

6. In the event the payments or proofs under Section 5 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. Any post-petition payments received by Movant directly from Debtor as of March 5, 2020 shall be credited towards Movant's claim.

8. If the case is converted to Chapter 7, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay. Further, the Order granting relief from the automatic stay shall also contain a provision providing for ongoing *in rem* stay relief for Movant as to the Property.

9. If the case is dismissed, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant ongoing *in rem* stay relief for Movant as to the Property.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, except for the provision contained in Paragraph 6, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 10, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 3/17/2020

Michael A. Cohen, Esquire
Attorney for Debtor

Date: 3/18/2020

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights and remedies.

**ORDER**

Approved by the Court this 19th day of March, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank